**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff<br>v.<br><br>DAYTON TOBACCO & VAPE LLC d/b/a TOBACCO & VAPE and HIZAM SALEH,<br><br>Defendants. | ) | Civil Case No. 3:23-cv-00291-WHR-MRM |

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

The Plaintiff, GS HOLISTIC, LLC, by and through its undersigned counsel, hereby filed its response to the Court's Order to Show Cause dated July 8, 2024

1. On October 3, 2023, the Plaintiff filed its Complaint for Trademark Infringement [DE 1].

2. On October 16, 2023, a copy of the Complaint and Summons was served on HIZAM SALEH, via Individual Service. *See* Affidavit of Service [DE 5].

3. On October 16, 2023, a copy of the Complaint and Summons was served on DAYTON TOBACCO & VAPE LLC d/b/a TOBACCO & VAPE, via Corporate Service. *See* Affidavit of Service [DE 6].

4. On February 7, 2024, this Court entered a Clerk's Entry of Default against the Defendants [DE 10].

5. From December of 2023 through May of 2024, the Plaintiff's corporate counsel experienced turnover of roughly four attorneys assigned to these cases as well as staffing changes.

During this time, many calendaring errors occurred, leading to counsel's failure to identify a need to act.

6. In determining "excusable neglect," a court must balance five factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and, (5) whether the late-filing party acted in good faith." Bartos v. Rev. Grp., No. 1:06-CV-3082, 2007 U.S. Dist. LEXIS 24281, at *6-7 (N.D. Ohio Mar. 21, 2007).

7. Here, the Plaintiff implores this court to find the Plaintiff's counsels' failure to act excusable as the Defendants have not been prejudiced by the Plaintiff's failure to prosecute, as they still have not appeared in the lawsuit, despite having been duly served.

8. Furthermore, the Plaintiff intends to file its Motion for default judgment on or before August 1, 2024, when this Response was ordered due, immediately remedying the issue, furthering the prosecution and ultimate conclusion of this case. If this case is dismissed, the Plaintiff will be denied justice and will have no alternative recourse to obtain justice for the wrongs done by the Defendants. As such, the Plaintiff respectfully requests this Court take into consideration the substantial prejudice to the Plaintiff imposed by dismissal as opposed to the Defendants who have not appeared despite the length of time the Plaintiff has withheld filing its Motion for default judgment

WHEREFORE, the Plaintiff, GS HOLISTIC, LLC, respectfully requests that this Court find that Plaintiff's counsel acted with excusable neglect and as it sought to immediately pursue prosecution of this case, consider the prejudice to the Plaintiff if its case is dismissed. As such, the Plaintiff requests that this Court allow the case to go forward.

Date: July 22, 2024

*/s/ John D. Hoffman, Jr.*
John D. Hoffman, Jr.
OH Bar No. 0099803
John Hoffman Law Office LLC
137 Heritage Woods Dr.
Suite 210
Akron, OH 44321
john@jdh-law.com
Serv609@LegalBrains.com
Telephone: 561-232-2222
*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF to serve on all counsel of record.

/s/ John D. Hoffman, Jr.

John D. Hoffman, Jr.