THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GS HOLISTIC, LLC, | : | |
| Plaintiff, | : | Case No. 3:23-cv-291 |
| v. | : | Judge Walter H. Rice |
| DAYTON TOBACCO & VAPE LLC, d/b/a TOBACCO & VAPE, et al., | : | Mag. Judge Michael R. Merz |
| Defendants. | | |

---

ORDER OVERRULING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT OF PLAINTIFF GS HOLISTIC, LLC (DOC. #12)

---

This case is before the Court on Plaintiff GS Holistic, LLC's Motion for Default Judgment. (Doc. #12). On August 7, 2024, in the parallel case, *GS Holistic, LLC v. Mr. Vapor Smoke Shop, LLC, et al.*, the Magistrate Judge issued a Report and Recommendations recommending that the Motion be overruled as premature, without prejudice to refiling "when supported by more persuasive evidence of what amount of statutory damages would be just." (Case No. 1:23-cv-677, Report, Doc. #20, PAGEID 108). Specifically, "Plaintiff has made no effort to obtain discovery from the Defendants[,]" meaning that the Court has been provided with no evidence of actual harm suffered by Plaintiff. (*Id.* at PAGEID 106). Plaintiff was notified of its right to object under within fourteen days of the

filing of the Report (*id.* at PAGEID 108), but did not do so. The Court adopted the Report and overruled the Motion. (Case No. 1:23-cv-677, Order, Doc. #21).

Under the Lanham Act of 1946, 15 U.S.C. § 1051 *et seq.*, the amount of statutory damages assessed by the Court need not precisely correspond to the harm suffered. However, given the Court's discretion to grant damages of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just[,]" 15 U.S.C. § 1117(c)(1), the undersigned must have some basis by which to ensure that the damages award is just. *See, e.g.*, *Stark Carpet Corp. v. Stark Carpet & Flooring Installation Corp.*, 954 F. Supp. 2d 145, 154 (E.D.N.Y. 2013) (internal quotation marks and citation omitted) ("Although statutory damages need not match actual damages, courts generally hold that statutory damages should bear some relation to actual damages suffered.").

Plaintiff is correct that their damages from the alleged malfeasance of Defendants Dayton Tobacco & Vape LLC, d/b/a Tobacco & Vape, and Hizam Saleh "cannot be determined without further discovery and participation by the Defendants in this lawsuit." (Doc. #12, PAGEID 66; *see also* C. Folkerts Decl., Doc. #12-4, PAGEID 84, ¶ 22 ("[H]ow much of the loss of consumer good-will, loss of brand reputation, and confusion in the marketplace suffered from the Plaintiff resulted from the Defendants' counterfeiting and infringing actions is not easy to determine due to the lack of the Defendants' participation in the lawsuit[.]")). However, there is no indication in Plaintiff's Motion and supporting

2

documentation that it ever propounded discovery upon Defendants or made attempts to ascertain the harm it actually suffered. The Court in *Mr. Vapor* concluded that, in light of the lack of evidence, it could not assess just statutory damages—a conclusion with which Plaintiff did not disagree. The information before the Court compels the undersigned to reach the same conclusion in the instant case.

In light of the above, Plaintiff's Motion for Default Judgment is OVERRULED WITHOUT PREJUDICE to refiling to its renewal upon making the showing required by the Magistrate Judge.

IT IS SO ORDERED.

October 2, 2024

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT